**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MINDY CHAPMAN-SHAPIRO,

Appellant,

v.

ELIZABETH ROJAS, Chapter 13 Trustee;
et al.,

Appellees.

No.    20-55855

D.C. No. 2:19-cv-07633-DMG

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 30, 2021**
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Debtor Mindy Chapman-Shapiro appeals the district court's order affirming

the bankruptcy court's order that converted her bankruptcy case from Chapter 13 to

Chapter 7 pursuant to 11 U.S.C. § 1307(c).  Chapman-Shapiro contends that she had

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the absolute right to dismiss her case under 11 U.S.C. § 1307(b), and thus the district court erred in affirming the bankruptcy court's order. She also contends that she and a creditor had a "tacit" agreement to dismiss the case, rather than convert it. An order converting a case from Chapter 13 to Chapter 7 bankruptcy is immediately appealable, *In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008), and we have jurisdiction pursuant to 28 U.S.C. § 158(d). "On appeal from a district court's affirmance of a bankruptcy court decision, we independently review the bankruptcy court's decision, without giving deference to the district court." *In re Rosson*, 545 F.3d at 770 (citation omitted). Reviewing the bankruptcy court's decision for abuse of discretion, *id.* at 771, we affirm.

This case arises from Chapman-Shapiro's 2019 Chapter 13 bankruptcy. A creditor, the Estate of Dan Blechman ("Blechman"), moved under 11 U.S.C. § 1307(c)[1] to dismiss the Chapter 13 case or alternatively to convert it to Chapter 7. Chapman-Shapiro filed no written opposition to the motion, but her counsel appeared at, and participated in, the hearing. The bankruptcy court granted Blechman's motion to convert the case to Chapter 7, rejecting the dismissal option.

Chapman-Shapiro appealed to the district court, claiming the bankruptcy

---

[1] Section 1307(c) provides: "[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate . . . ." 11 U.S.C. § 1307(c).

2

court erred in not dismissing the case pursuant to § 1307(b). The district court rejected that claim, holding, in part, that Chapman-Shapiro never sought dismissal under § 1307(b).[2] The district court found that "the most faithful reading of the transcript is that [debtor's] counsel requested that the Bankruptcy Court dismiss the case *under section 1307(c)*, the section at issue at the hearing. There is no indication in the record that [debtor's] counsel suddenly switched gears and began arguing for relief under a different statutory provision." The district court's reading of the transcript is correct. As a result, we need not reach whether § 1307(b) requires dismissal following a properly made motion, since Chapman-Shapiro never made such a motion.

To the extent Chapman-Shapiro contends that she had a tacit agreement with Blechman to dismiss the case pursuant to § 1307(c), that argument is unsupported by the record.

**AFFIRMED**.

---

[2] Section 1307(b) provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C. § 1307(b).